IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DARRIUS ROSZARIO D. WASHINGTON, | * | |
| Petitioner, | * | Civil Action No. RDB-16-2261 |
| v. | * | Criminal Action No. RDB-13-0663 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

The *pro se* Petitioner Darrius Roszario D. Washington ("Petitioner" or "Washington") pled guilty before this Court to Armed Bank Robbery, Forced Accompaniment, in violation of 18 U.S.C. § 2113(e). J., p. 1, ECF No. 43. At sentencing, this Court adopted the factual findings and advisory guidelines application in the Presentence Report (ECF No. 37), which provided that Washington's Total Offense Level was 31 and his Criminal History Category was I, resulting in an advisory guideline range of 120-135 months imprisonment. *See* Statement of Reasons [SEALED], p. 1, ECF No. 44. This Court ultimately sentenced Washington to 135 months imprisonment, pursuant to a Rule 11(c)(1)(C) Plea Agreement.

Currently Pending before this Court is Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 65), in which he argues that he is entitled to relief under the United States Supreme Court's intervening decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Specifically, Petitioner asserts that he is no longer a "career offender" because the "[i]nstant [offense] of Bank Robbery is [n]o [l]onger a [c]rime

1

of [v]iolence" under the *Johnson* decision. Also pending before this Court is the Government's Motion to Dismiss Washington's Motion to Vacate (ECF No. 70) because Washington was not sentenced as a "career offender," and *Johnson* has no bearing on this case. The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, the Government's Motion to Dismiss Washington's Motion to Vacate (ECF No. 70) is GRANTED, and Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 65) is DISMISSED and DENIED.

The United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) has no bearing on this case. In *Johnson*, the Supreme Court held that the "Residual Clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." *Johnson*, 135 S. Ct. at 2557. As discussed *supra*, Petitioner was not sentenced under the Armed Career Criminal Act, nor was he sentenced as a "career offender" under the United States Sentencing Guidelines. Rather, Petitioner's base offense level was determined pursuant to U.S.S.G. § 2B3.1(a), the sentencing guideline associated with Robbery. *See* Presentence Report, ¶ 17, ECF No. 37. Even if Petitioner were sentenced as a "career offender" under the guidelines, the United States Supreme Court has recently held in *Beckles v. United States*, 137 S. Ct. 886, 897 (2017), that the *Johnson* decision does not apply to the career offender provisions of the United States Sentencing Guidelines.

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where: (1) "the sentence was imposed in violation of the Constitution or laws of

the United States," (2) the court lacked "jurisdiction to impose the sentence, . . . [(3)] the sentence was in excess of the maximum authorized by law, or [(4) the sentence] is otherwise subject to a collateral attack." 28 U.S.C. § 2255(a). As the *Johnson* decision is clearly inapplicable, Petitioner has failed to raise any claim for post-conviction relief.

## CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss Washington's Motion to Vacate (ECF No. 70) is GRANTED, and Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 65) is DISMISSED and DENIED. Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a Certificate of Appealability when it enters a final order adverse to the applicant. A Certificate of Appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Petitioner's claim debatable, a Certificate of Appealability is DENIED.

A separate Order follows.

Dated:   May 24, 2017

/s/ Richard D. Bennett
Richard D. Bennett
United States District Judge

3